# ENTRY ORDER

## 2018 VT 116

### SUPREME COURT DOCKET NO. 2018-075

### OCTOBER TERM, 2018

In re Phyllis McCoy-Jacien, Esq.          }     Original Jurisdiction

                                                  }

                                                  }

                                                  }     PRB DOCKET NO. 2018-024

In the above-entitled cause, the Clerk will enter:

## CONTEMPT ORDER

¶ 1. On March 29, 2018, this Court suspended respondent Phyllis McCoy-Jacien's license to practice law for nine months. See In re Phyllis McCoy-Jacien, Esq., 2018 VT 35. Attorney Jess T. Schwidde was appointed as trustee "to inventory the files of the respondent, and to take action as seems indicated to protect the interests of . . . respondent's clients." Administrative Order 9, Rule 24. On September 7, 2018, the trustee filed a confidential final report outlining respondent's refusal to cooperate in his efforts. On September 12, 2018, this Court ordered respondent to comply with the trustee's May 7, 2018 Demand Letter within fourteen days and warned her that failure to comply might result in the initiation of contempt proceedings and/or the imposition of other sanctions. This order was personally served on respondent. On October 1, 2018, the trustee filed notice with this Court that respondent had not complied with his demand letter. The Court thus scheduled a show-cause hearing to allow respondent the opportunity to show cause why she should not be held in contempt of the Court's September 12, 2018 order. This order was also personally served on respondent.

¶ 2. The Court held a show-cause hearing on October 18, 2018. Respondent did not appear. The Court finds respondent in contempt of its September 12, 2018 order. The existence of the Court's order and respondent's obligations under it are clear and demonstrated from the record. See Russell v. Armitage, 166 Vt. 392, 401, 697 A.2d 630, 635 (1997) (explaining that in contempt proceeding, Court must find valid order in place, that party willfully did not obey order, and that he or she had present ability to do so but refused). Respondent had the burden of establishing her inability to comply with this Court's order and she failed to do so. See id. at 401, 697 A.2d at 636. We conclude that she willfully failed to comply with this Court's September 12, 2018 order.

¶ 3. A party must be given the opportunity to purge any contempt finding. See Sheehan v. Ryea, 171 Vt. 511, 512, 757 A.2d 467, 468 (mem.) (2000); see also Russell, 166 Vt. at 399, 697 A.2d at 636. To purge herself of this finding of contempt, respondent must comply with this

Court's September 12, 2018 order by responding to the trustee's May 7, 2018 Demand Letter. Respondent must comply by **NOVEMBER 30, 2018**.

¶ 4.     A purge hearing will occur on **DECEMBER 4, 2018 at 10:30 a.m.**

¶ 5.     **A PARTY WHO FAILS TO COMPLY WITH A COURT ORDER RISKS A SANCTION OF INCARCERATION.**

¶ 6.     Respondent is specifically advised that at the purge hearing, the Court will consider the imposition of sanctions including incarceration.  Respondent has a right to represented by an attorney at this hearing and if she cannot afford an attorney, she has the right to request that an attorney be appointed for her by this Court.  See <u>Russell</u>, 166 Vt. at 397, 697 A.2d at 633.  Failure to retain an attorney or request an attorney by **NOVEMBER 26, 2018** will result in a waiver of the right to be represented by counsel at the hearing.

<u>Respondent is found in contempt of the Court's September 12, 2018 order.  To purge this contempt, she must comply with the Court's September 12, 2018 order by responding to the trustee's May 7, 2018 Demand Letter.  Respondent must comply by November 30, 2018.  Failure to comply may result in the imposition of a sanction of incarceration following a purge hearing</u>.

BY THE COURT:

Paul L. Reiber, Chief Justice

☒ Publish

Marilyn S. Skoglund, Associate Justice

☐ Do Not Publish

Beth Robinson, Associate Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

2